IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                  CRIMINAL NO. 1:15CR55-LG-RHW-6

**ANTHONY SHANE JEFFERS**

<u>ORDER DENYING IN PART AND DEFERRING IN PART THE MOTION
IN LIMINE FILED BY DEFENDANT ANTHONY SHANE JEFFERS</u>

BEFORE THE COURT is Defendant Anthony Shane Jeffers' [150] Motion in Limine pursuant to Federal Rule of Evidence 404(b).  The Government has filed a Response and the Court heard oral argument on the Motion on March 22, 2016.  Having considered the submissions and arguments of the parties, the Court is of the opinion that the Motion should be denied in part to the extent that Defendant Jeffers represented to the Court that he does not object to certain Rule 404(b) evidence being offered by the Government.  The Court will defer ruling on the remainder of the Motion unless and until it becomes an issue at trial.

## BACKGROUND

Jeffers is one of seven Defendants charged in this criminal conspiracy action. The Indictment states that "[i]t was the object of the conspiracy for the defendants . . . , and others, to unlawfully enrich themselves by conducting multiple complex financial fraud schemes via the internet, U.S. mail and various express package delivery services." (Indictment 5 (¶39), ECF No. 17).  The alleged "fraud schemes included work at home scams; secret shopper scams; fraudulent check scams and fraudulent credit card account purchases." (*Id.*).  According to the Government,

"[t]he proceeds of these scams, both checks and goods, were shipped to various locations in the United States and to Nigeria through a complex re-shipping network of both complicit and unwitting individuals recruited through various internet scams." (*Id.*).

The Government states that Defendants, including Defendant Jeffers, "would receive and ship via U.S. Mail and express package delivery services . . . hundreds of counterfeit checks and money orders, in amounts totaling millions of dollars[,]" and "conducted what is known as an advanced check fraud scheme . . . ." (*Id.* at 5-6 (¶¶ 42-43)).  It further states that Defendant Jeffers "would design and manufacture counterfeit checks for distribution to victims throughout the United States." (*Id.* at 6 (¶44)).

Defendant Jeffers, through his Motion in Limine and as elaborated on at the hearing, seeks to exclude evidence of Jeffers' prior criminal arrest and adjudication of forgery in Missouri.[1]  The Government has opposed the Motion.

## DISCUSSION

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent,

---

[1] Both the Government and Jeffers have represented that Jeffers was never actually convicted of forgery based on the Missouri statute at issue, but received a suspended imposition of sentence.

2

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* "On request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial[,] and do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.*

On March 21, 2016, the Government gave timely pretrial notice of the Rule 404(b) evidence it intends to offer against Defendant Jeffers under the controlling [84] Order Regarding Discovery. At the hearing, Jeffers' counsel indicated that Jeffers does not object to the following evidence being offered by the Government:

- A review of Bank of America records revealed that checks for J.G., a New York resident, had been mailed to Jeffers at his address in Plato, Missouri.

- A search of Jeffers' truck and backpack found an entire book of J.G.'s checks. J.G. confirmed she had not yet received her checks from the bank and had never been to Missouri and did not know Jeffers, but that the bank told her he had cashed one of her checks at a grocery store. Jeffers stated he was contacted by J.G. by email and met with her at her property in Missouri on November 30, 2009, where she gave him the checks. Bank of America records reflect the account was not opened until December 2, 2009.

- A subsequent call to the police from Jeffers' ex-wife, R.H., revealed that Jeffers received "a lot of boxes and many of them were boxes of checks." R.H. turned over to law enforcement property of Jeffers which included shipping invoices for VersaCheck Silver 2010 and Versaink Magnetic Universal Ink refill system.

Accordingly, the Motion in Limine will be denied to that extent.

However, Jeffers has objected to the following evidence which the Government intends to introduce:

- Defendant Jeffers was arrested at the Bank of America in Rolla, Missouri, on December 4, 2009, trying to cash a large check on a new account of J.G.

3

- He entered a guilty plea of forgery on January 7, 2013, and received a suspended imposition of sentence with probation which terminated in August 2015.

The Court "employ[s] a two-part test to determine whether evidence is admissible under Rule 404(b) . . . ." *United States v. Griffin*, 324 F.3d 330, 360 (5th Cir. 2003). First, the Court must determine "whether the evidence is relevant to an issue other than the defendant's character . . . ." *Id.* (citation and quotation marks omitted). Second, the Court evaluates "whether the evidence possesses probative value that is not outweighed substantially by the danger of unfair prejudice and is otherwise admissible under Rule 403." *Id.* (citation and quotation marks omitted). "Rule 404 is a rule of inclusion, which admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition." *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) (internal citation omitted).

Defendant Jeffers does not dispute that the evidence the Government seeks to admit, including his forgery arrest and adjudication, is relevant to issues other than his character. Rather, Defendant Jeffers' argument is based on the second prong of the test for admissibility under Rule 404(b). He states that "evidence of Defendant's criminal record would only inflame the jury and likely lead to a jury verdict for impermissible reasons." (Mot. 2, ECF No. 150). Likewise, at the hearing, his counsel argued that "any reference to this particular [forgery] charge certainly would be confusing, and it would mislead the jury." The Court is of the opinion that it should defer ruling on the admissibility of Defendant Jeffers' arrest and adjudication for forgery unless and until it becomes an issue at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Anthony Shane Jeffers' [150] Motion in Limine is **DENIED IN PART**, as discussed herein.  The Court **DEFERS** ruling on the issue of whether Defendant Jeffers' forgery arrest and adjudication is admissible under Rule 404(b) until trial.  Should the Government decide that it is necessary to admit such evidence, it should first do so outside of the presence of the jury so that the Court may make a Rule 404(b) determination on the record.

**SO ORDERED AND ADJUDGED** this the 24th day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE