IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO. 1:15CR55-LG-RHW-6
    CIVIL ACTION NO. 1:17CV273-LG

ANTHONY SHANE JEFFERS

### ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. §2255

**BEFORE THE COURT** is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [294] filed by Anthony Shane Jeffers, who pled guilty to one count of conspiracy to commit identity theft and theft of government funds. This Court sentenced Jeffers to sixty months imprisonment to be served consecutively with the term of imprisonment imposed for a separate charge to which Jeffers pled guilty in Cause Number 1:16cr28-LG-JCG-1. Jeffers now asks the Court to vacate his sentence pursuant to § 2255 based on allegations of ineffective assistance of counsel and actual innocence.[1]

---

[1] In his reply [306] Jeffers claims that he intended to seek § 2255 relief in both this case and in cause number 1:16cr28-LG-JCG-1, but neither his Motion nor his supporting Memorandum referenced cause number 1:16cr28-LG-JCG-1 in the style of the case so the Clerk of Court had no way of knowing that Jeffers intended to file the Motion in both cases. Nevertheless, this Court's reasoning for denying Jeffers' § 2255 Motion is equally applicable to cause number 1:16cr28-LG-JCG-1.

After carefully reviewing the submissions of the parties, Jeffers' former attorney, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

Jeffers was one of seven defendants charged in this criminal conspiracy action. The Indictment states that "[i]t was the object of the conspiracy for the defendants . . . , and others, to unlawfully enrich themselves by conducting multiple complex financial fraud schemes via the internet, U.S. mail and various express package delivery services." (Indictment 5 (¶39), ECF No. 17). On April 11, 2016, Jeffers agreed to plead guilty to one count of conspiracy to commit identity theft and theft of government funds in violation of 18 U.S.C. § 371. He also agreed to waive his right to appeal his conviction or sentence as well as his right to contest his conviction or sentence in a post-conviction proceeding. Jeffers also pled guilty to an information in cause number 1:16cr28-LG-JCG-1 that charged him with one count of interstate and foreign travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(1). This Court sentenced Jeffers to sixty months imprisonment for each charge, for a total of 120 months imprisonment. Jeffers did not file an appeal, but he now asks the Court to vacate his sentence. He claims that his former attorney provided ineffective assistance by failing to conduct a proper investigation of the charges against him. He also claims that he was actually a victim of the conspiracy for which he was charged and that his email address was hacked.

# DISCUSSION

28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to demonstrate ineffective assistance of counsel, Jeffers must satisfy the two-prong test set forth in *Strickland v. Washington*, 468 U.S. 668 (1984). Specifically, he "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009). "[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted). "With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted). A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Jeffers argues that his former attorney, Mr. Melvin Cooper, should have performed a more thorough investigation of the charges against Jeffers as well as Jeffers' claim that his email account was hacked. Mr. Cooper has testified by affidavit that he "retained the services of Global Computer Forensic Investigation, who personally conducted the investigation, assigned a Computer Hacking Forensic Investigator, certified by the International Council of E-Commerce Consultation whose findings were contrary to Petitioner's allegations." (Affidavit at 2, ECF No. 298). He also testified that he hired a handwriting expert to examine counterfeit checks and money orders. (*Id.*) Mr. Cooper also issued a subpoena to Yahoo, the company that provided Jeffers' email account. (*Id.*) Mr. Cooper listed all of the issues and difficulties that would have arisen had Jeffers proceeded to trial, including admissions that Jeffers had made to federal investigators and similar offenses previously committed by Jeffers. Mr. Cooper testified that he discussed all of these issues with Jeffers before Jeffers decided to plead guilty. Furthermore, at the change of plea hearing, Jeffers testified that he was satisfied with Mr. Cooper's representation and the advice he gave. Jeffers also admitted that he committed the acts that formed the basis of the crimes to which he pled guilty.

Since the record reflects that Mr. Cooper thoroughly investigated the charges and discussed all of Jeffers' options before Jeffers pled guilty, Jeffers has not demonstrated that Mr. Cooper's performance was deficient. Jeffers has also failed to show that Mr. Cooper was ineffective in advising him to plead guilty. Furthermore, Jeffers has not demonstrated that he would not have pled guilty if

Mr. Cooper had conducted a more thorough investigation. Jeffers merely argues that a more thorough investigation might have led a jury to find reasonable doubt at trial. Therefore, Jeffers' ineffective assistance of counsel is without merit.

## II. ACTUAL INNOCENCE

"'Actual innocence' is not a free-standing ground for relief. Rather, it is a gateway to consideration of claims of constitutional error that otherwise would be barred from review." *United States v. Scruggs*, 691 F.3d 660, 671 (5th Cir. 2012). Furthermore, even if actual innocence were a ground for relief, Jeffers has not demonstrated that he was actually innocent of the crimes to which he pled guilty. Therefore, his actual innocence claim is without merit.

## III. REQUEST FOR EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court is required to hold an evidentiary hearing. 28 U.S.C. § 2255(b). "It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence." *Fields v. United States*, No. 2:09crCR30-MPM, 2017 WL 2406999, at*1 n.1 (N.D. Miss. May 31, 2017) (citing *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982)). "Accordingly, if there is no 'independent indicia of the likely merit' of the allegations made in the motion, a hearing is not required." *Id.* (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)). For the reasons stated previously, Jeffers is entitled to no relief, and an evidentiary hearing is unnecessary.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [294] filed by Anthony Shane Jeffers is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE